(No. 1668—

DELMAR C. BLAKE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 14, 1932.*

ROBERT M. NIVEN, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

The claimant, Delmar C. Blake, was employed as a carpenter with the Congress Construction Company in the construction of the Deep Water Way of the State of Illinois between Morris and Joliet. On October 12th, 1929, while he was so employed the scaffolding on which he was working broke, and he fell or jumped about fourteen feet landing on concrete. The heel bones of both feet were crushed and he was taken to a hospital at Morris where he remained three weeks. Thereafter he was obliged to use a wheelchair until about January 1st, 1930. For this injury the claim for damages is made. It is a claim filed under the provisions of the Workmen's Compensation Act of 1911, for recovery of damages due to personal injuries sustained by claimant while an employee of the respondent.

Claimant was employed by the Congress Construction Company, with the consent and approval of the Division of Illinois Waterways, Department of Purchases and Construction and worked as a carpenter on the Dresden Island Project No. 3, Illinois Waterways. Claimant is considered an employee of the State because construction work on this project proceeded under the provisions of a contract of employment entered into December 4, 1928, between the Department of Purchases and Construction and the Congress Construction Company, known as Contract No. 3 or Dresden Island Lock and Dam contract.

This contract sets forth an agreement whereby the said company was to act as superintendent of labor and manager of construction in behalf of the respondent through its Department of Purchases and Construction in the completion of certain construction work on the Dresden Island Lock and Dam, near Morris, Illinois.

This contract was entered into under the statutory authority granted by virtue of Section 12 of "An Act in relation to the construction, operation and maintenance of deep waterway, etc.," approved June 17, 1919 and commonly called the

Waterway Act. (Par. 20, Chap. 19, Smith-Hurd's Illinois Revised Statutes, 1931.)

Claimant worked at his occupation as a carpenter for about twenty years and at the time of the accident was forty-five years of age. He was married and living with his family consisting of his wife, a daughter nineteen years. old and a son seventeen years of age when the accident occurred. His wife has subsequently died.

There is no dispute as to the facts relating to the injury. Claimant suffered broken heel bones in both feet, and as a consequence of which he suffered a temporary total disability from October 12, 1929 to approximately April 1, 1930. This is a period of approximately twenty-six weeks or six and one-half months.

This claim is filed under the provisions of the Workmen's Compensation Act by virtue of Section 25 of the Waterway Act of 1919. (Par. 103, Chap. 19, Smith-Hurd's Revised Statutes, 1931.)

Claimant is entitled to the maximum of $15.00 per week by virtue of Section 8(e) of the Act. For a period of twenty-six weeks' disability this would total the sum of $390.00 as temporary total disability.

At the time of the accident claimant has no minor children under the age of sixteen years and is, therefore, not entitled to any additional compensation by virtue of minor children. As to permanent partial disability of fifteen per cent in the loss of the use of right foot, under Section 8(e)-14) claimant would be entitled to fifteen per cent of $15.00 per week for one hundred thirty-five weeks or a total of $303.75.

In view of all the evidence we award the claimant the sum of $693.75 and recommend that the same be paid.